**DICKINSON WRIGHT PLLC**
MICHAEL N. FEDER
Nevada Bar No. 7332
JOHN L. KRIEGER
Nevada Bar No. 6023
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Tel: (702) 550-4400
Fax: (844) 670-6009
Email: mfeder@dickinson-wright.com
Email: jkrieger@dickinson-wright.com

JOHN S. ARTZ
*(Pro hac vice to be submitted)*
YAFEEZ S. FATABHOY
*(Pro hac vice to be submitted)*
350 S. Main Street, Suite 300
Ann Arbor Michigan, 48104
Tel: (248) 433-7200
Fax: (844) 670-6009
Email: jsartz@dickinson-wright.com
Email: yfatabhoy@dickinson-wright.com

*Attorneys for Defendants*
*Light & Wonder, Inc. and SG Gaming, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EMPIRE TECHNOLOGICAL GROUP LIMITED,<br><br>        Plaintiff,<br><br>vs.<br><br>LIGHT & WONDER, INC., and SG GAMING, INC.,<br><br>        Defendants. | Case No. 2:22-cv-00923-MMD-BNW<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**<br><br>**JURY DEMAND** |

Defendants, Light & Wonder, Inc. and SG Gaming, Inc. (collectively "L&W") through counsel, for their Answer and defenses to Plaintiff, Empire Technical Group Limited's ("ETG"), Complaint for Patent Infringement, state as follows:


DICKINSON WRIGHT
ATTORNEYS AT LAW

1

## JURISDICTION AND VENUE

1.    To the extent this paragraph states a legal conclusion, no response is required. L&W admits that this Court has subject matter jurisdiction over this action but denies that it infringes or has infringed Plaintiff's patent-in-suit.

2.    L&W admits that, for purposes of this action only, this Court has personal jurisdiction over L&W.

3.    To the extent this paragraph states a legal conclusion, no response is required. L&W admits that it has a regular and established place of business in this District. L&W denies that it has committed acts of infringement in this District or anywhere else. L&W admits that, for purposes of this action only, venue is proper in this jurisdiction.

## THE PARTIES

4.    L&W lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

5.    L&W admits that Light & Wonder Inc. was formerly known as Scientific Games Corporation, and otherwise admits the allegations of paragraph 5 of the Complaint.

6.    Admitted.

## THE ASSERTED PATENT

7.    L&W admits that U.S. Patent No. 11,341,807 is titled "DISPLAY ASSEMBLY FOR RELEVANT MESSAGING FOR GAMING APPARATUS AND METHODS THEREOF" and identifies an issue date of May 24, 2022. To the extent there are remaining allegations in this Paragraph, L&W denies them.

8.    L&W lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

9.    To the extent this paragraph states a legal conclusion, no response is required. To the extent this paragraph includes factual averments, L&W admits that the '807 Patent states at column 4, lines 48-49 that "[e]mbodiments disclosed herein concern messaging for gaming apparatus", but otherwise denies any other allegations in this paragraph.



10.    To the extent this paragraph states a legal conclusion, no response is required.  To the extent this paragraph includes factual averments, L&W admits that the '807 Patent describes Fig. 4 as a "perspective view of a gaming apparatus according to one embodiment" but otherwise denies any other allegations in this paragraph.

11.    To the extent this paragraph states a legal conclusion, no response is required.  To the extent this paragraph includes factual averments, L&W admits that the '807 Patent describes Fig. 9A as a "perspective view of a gaming apparatus according to one embodiment" but otherwise denies any other allegations in this paragraph.

12.    L&W lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

13.    L&W admits that, as printed, the '807 Patent has 21 claims with claims 1 and 11 being independent claims.  L&W also admits that paragraph 13 reproduces claim 1 as printed in the '807 Patent but otherwise denies any other allegations in this paragraph.

14.    L&W admits that paragraph 14 reproduces claim 1 as printed in the '807 Patent but otherwise denies any other allegations in this paragraph.

## THE DEFENDANTS AND THEIR ACCUSED PRODUCTS

15.    L&W admits that SG Gaming Inc. manufactures, distributes, and sells products branded under the marks "i-Table," "I-Score Plus," and "I-Score Ultra." L&W denies that these products infringe, or have infringed, on the '807 Patent. To the extent there are remaining allegations in this paragraph, L&W denies them.

16.    L&W denies that any of its electronic gaming tables infringe the '807 Patent either literally or under the doctrine of equivalents.

17.    L&W denies that any of its electronic gaming tables infringe the '807 Patent either literally or under the doctrine of equivalents.

18.    Denied.

## CLAIM FOR RELIEF
(Patent Infringement of U.S. Patent No. 11,341,807)

19.    L&W incorporates its answers to the above paragraphs 1 through 18 as though fully

3



set forth herein.

20.    L&W admits that the '807 Patent identifies an issue date of May 24, 2022, but denies that the USPTO duly and legally issued the '807 Patent.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

## GENERAL DENIAL

Defendants deny all allegations in Plaintiff's Complaint not expressly and specifically admitted above.

## AFFIRMATIVE DEFENSES

1.    ETG's Complaint fails to state a claim upon which relief can be granted.

2.    L&W has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any claim of the '807 Patent.

3.    The claims of the '807 Patent are invalid and/or unenforceable, including for failure to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

4.    ETG is estopped, based on statements, representations, and admissions made during the prosecution of the '807 Patent, from asserting that Defendants have infringed, directly, or indirectly, any claim of the '807 Patent, either literally or under the doctrine of equivalents.

5.    ETG's claim for relief is barred in whole or in part under the doctrines of estoppel, waiver, and/or acquiescence.

6.    ETG's recovery for alleged infringement of the '807 Patent, if any, is limited by Title 35 of the United States Code, including without limitation 35 U.S.C. §§286 and 287.

7.    ETG is not entitled to injunctive relief as it has, at a minimum, no irreparable (alleged) damages and an adequate remedy at law.

8.    L&W reserves the right to rely on all defenses under Federal Rule of Civil Procedure 8, Title 35 of the United States Code, and any other defense at law or at equity, that now



DICKINSON WRIGHT
ATTORNEYS AT LAW

4

exist, or that may in the future be available through information obtained through discovery or at trial.

WHEREFORE, L&W respectfully requests that the Court enter judgment against ETG, deny all relief requested by ETG, and award such other relief to L&W as the Court deems just and proper under the circumstances.

## COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs Light & Wonder, Inc. and SG Gaming, Inc. (collectively referred to as "L&W"), for their Counterclaims against Plaintiff and Counterclaim-Defendant Empire Technological Group Limited ("ETG"), states as follows.

ETG initiated this litigation by asserting a claim of patent infringement against L&W for certain of its products that are marketed and sold in the gaming industry. According to ETG, those products allegedly infringe ETG's U.S. Patent No. 11,341,807 ("the '807 Patent"). Since receiving notice of ETG's lawsuit, L&W has repeatedly informed ETG that one of the accused products ETG accuses of infringing the '807 Patent -- the I-Score Plus -- in fact invalidates the Asserted Patent because it was in public use, on sale, or otherwise available to the public before the effective filing date of the '807 Patent. Indeed, ETG's '807 Patent is invalid due to the fact that the very same product that Plaintiff alleges in its Complaint as infringing the '807 Patent was in public use, on sale, or otherwise available to the public before the effective filing date of the '807 Patent. In spite of repeatedly being made aware that the I-Score Plus product was available to the public before the effective filing date of the '807 Patent, ETG refuses to withdraw its infringement claim, requiring the Court and L&W to incur needless expense and waste resources on ETG's Complaint. This leaves L&W with no choice but to file counterclaims for the invalidity and non-infringement of the Asserted Patent. SG Gaming, Inc. is also filing a counterclaim for ETG's infringement of a patent owned by SG Gaming, Inc, as described below.

## NATURE OF THE CASE

1. Light and Wonder's ("L&W's") counterclaims seek, *inter alia*, a judgment declaring that the claims of U.S. Patent No. 11,341,807 (the "Asserted Patent" or the "'807 Patent")

5

are not infringed, invalid and/or unenforceable.

2.     The counterclaims also include claims of patent infringement of U.S. Patent No. 10,789,805 (the "'805 Patent") under 35 U.S.C. § 271.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over these Counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. as there is a case and controversy as to the '807 Patent, due to allegations of infringement filed by ETG.  The Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, et seq., as to SG Gaming, Inc.'s claim for ETG's infringement of the '805 Patent.

4.     Venue is proper in this judicial district as to L&W's non-infringement and invalidity counterclaims as the Plaintiff intentionally consented to personal jurisdiction and venue in this Court by bringing the underlying lawsuit in this Court.  In addition, the Counterclaims arise out of the same subject matter of the ETG's Complaint.

5.     Venue is proper in this judicial district as to SG Gaming, Inc.'s infringement counterclaim because ETG is incorporated in and has a principal place of business in Nevada, and specifically in this District; ETG intentionally consented to personal jurisdiction and venue in this Court by bringing the underlying lawsuit in this Court; and venue is also proper pursuant to 28 U.S.C. 1391(b) as a substantial part of the events giving rise to these claims occurred in this District.

## THE PARTIES

6.     Counterclaim-Plaintiff Light and Wonder, Inc. is a Nevada corporation that maintains its principal place of business at 6601 Bermuda Road, Las Vegas, NV 89119.

7.     Counterclaim-Plaintiff SG Gaming, Inc. is a Nevada corporation that maintains its principal place of business at 6601 Bermuda Road, Las Vegas, NV 89119.

8.     Upon information and belief, ETG states in its Complaint that it is a Nevada corporation maintaining its principal place of business at 7175 W. Post Rd., Las Vegas, NV 89113.

DICKINSON WRIGHT
ATTORNEYS AT LAW

### ACTS GIVING RISE TO THE COUNTERCLAIMS

**I.    COUNTERCLAIM-DEFENDANT'S PATENT IS INVALID AND/OR NOT INFRINGED**

9.    L&W is a leading developer of land-based and digital games with an unmatched portfolio of hit franchises and unparalleled platforms and technology solutions.

10.    L&W is a global innovator of creative content and technology, setting new standards in the gaming industry, and leading the way in the design, manufacturing, and distribution of premium gaming content and machines.

11.    L&W has extensive industry knowledge and proven market research methods that result in a deep understanding of player and casino demand and preferences.

12.    L&W's land-based gaming division primarily includes products such as slot machines, table games, automatic card shufflers, and casino management systems.

13.    L&W showcases its latest technology and innovations in the gaming industry each year at the world-renowned gaming industry convention, Global Gaming Expo ("G2E"), which is held in Las Vegas, Nevada.

14.    One of L&W's industry-leading gaming products is a scoreboard for use with table games including baccarat, and identified by the name, the I-Score Plus.

15.    L&W showcased the I-Score Plus at G2E in September 2016.

16.    ETG is a L&W competitor, offering various products for the gaming industry, including its Smrt Trend Board and Smrt Trend Wall.

17.    On June 8, 2022, ETG commenced a civil lawsuit against L&W in this Court alleging that certain products manufactured and sold by L&W infringe and are infringing upon certain claims of the '807 Patent, including Claims 1 and 11.

18.    By such actions, ETG has created an actual and justiciable case and controversy between itself and L&W concerning whether the Asserted Patent is valid and/or enforceable, as well as whether L&W has infringed upon any claim of the '807 Patent.

19.    ETG's Complaint alleges, generally, that several of L&W's electronic gaming tables and display panels infringe upon certain claims of the '807 Patent because such tables and



DICKINSON WRIGHT
ATTORNEYS AT LAW

display panels allegedly include a plurality of adjacent light segments that change colors to represent various game scenarios; allegedly have an inner border region as well as an outer cover structure having a central hollow region; and allegedly are designed to work with controllers as purportedly required by certain claims of the '807 Patent.

20. According to the Complaint, the I-Score Plus includes every limitation of claims 1 and 11 of the '807 Patent.

21. The I-Score Plus was publicly displayed and known before the effective filing date of the '807 Patent.

22. The I-Score Plus is prior art to the '807 Patent.

23. As ETG alleges that the I-Score Plus embodies every element of claims 1 and 11 of the '807 Patent, and because the I-Score Plus is prior art to that patent, it renders these claims of the '807 Patent invalid as anticipated.

24. L&W has repeatedly made ETG aware that the I-Score Plus was available to the public well before the effective filing date of the '807 Patent, including having been publicly shown at G2E in Las Vegas in September 2016.

**II.    L & W'S PATENT AND EMPIRE'S INFRINGEMENT**

25. SG Gaming Inc. is the valid owner of U.S. Patent No. 10,789,805 ("the '805 Patent") labeled "CASINO MACHINE HAVING EMOTIVE LIGHT STRUCTURES." The '805 Patent generally relates to a gaming machine which includes a gaming cabinet, an electronic display device, a masked area, a light source, and a diffused lighting area.

26. Representative embodiments of the subject matter claimed by the '805 Patent are demonstrated below:



8



**FIG. 1**

27.    Claim 1 of the '805 Patent reads as follows:

1. An emotive lighting structure for a gaming machine, the gaming machine including a cabinet and an electronic display device mounted to the cabinet, the electronic display device having an active area configured to display video images of a casino wagering game, the emotive lighting structure comprising:

a masked area adjacent to the active area and lacking any display of the video images of the casino wagering game, the masked area including a printed bottom surface comprising a printed gradation patter, the printed gradation pattern being partially opaque and partially translucent or transparent;

a diffuser including a first portion and a second portion coupled to the first portion, the first portion being covered by the masked area, the second portion being laterally adjacent to the masked area and laterally spaced from the active area by the masked area, the second portion being visible to a player in front of the cabinet; and

a concealed light source configured to emit light into the diffuser, the diffused light in the first portion being partially visible through the gradation pattern to create a patter light effect to the player in front of the

9


DICKINSON WRIGHT
ATTORNEYS AT LAW

cabinet, the diffused light in the second portion being visible to the player without being blocked by the masked area.

28.    ETG manufactures, distributes, sells and/or leases in the United States its slots machines having emotive light structures, including but not limited to the "Jackpot Series" slot machines ("Accused Slot Machines").

29.    The Accused Slot Machines infringe on the '805 Patent by, at least, embodying each and every element of Claim 1 of the '805 Patent.

<u>**COUNTERCLAIM COUNT I**</u>
**(Declaratory Judgment of Invalidity of U.S. Patent No. 11,341,807)**

30.    L&W repeats, re-alleges, and incorporates by reference paragraphs 1 through 24 of its Counterclaim as if restated and repeated herein.

31.    Upon information and belief, all of the claims of U.S. Patent No. 11,341,807 (the "'807 Patent") are invalid and void for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., including, but not limited to those requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

32.    As non-limiting representative examples, L&W states that various prior art references anticipate and/or render obvious the alleged invention and claims of the Asserted Patent under 35 U.S.C. § 102 and/or 35 U.S.C. § 103, including, for example, the I-Score Plus electronic gaming scoreboard which was in public use, on sale, or otherwise available to the public at least as early as September 2016.

33.    Based on ETG's infringement allegations and the filing of its Complaint (*See, e.g.,* Exhibit C to the Complaint in the above captioned action outlining ETG's contention relating to L&W's infringement), an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '807 Patent.

34.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., L&W respectfully requests that the Court enter a declaration that all of the claims of the '807 Patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 et seq.

DICKINSON WRIGHT
ATTORNEYS AT LAW

### COUNTERCLAIM COUNT II
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,341,807)**

35. L&W repeats, re-alleges, and incorporates by reference paragraphs 1-34 of its Counterclaim as if restated and repeated herein.

36. Based on ETG's filing of the Complaint in the above captioned lawsuit, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of the '807 Patent.

37. L&W does not infringe any claim of the '807 Patent, either literally or under the doctrine of equivalents, whether directly, indirectly, contributorily, by inducement, jointly, willfully, deliberately, or otherwise.

38. L&W thus respectfully requests a declaration from this Court that it has not infringed on any of the claims of the '807 Patent.

### COUNTERCLAIM COUNT III
**(Patent Infringement Under 35 U.S.C. § 271 U.S. Patent No. 10,789,805)**

39. SG Gaming, Inc. ("SG") repeats, re-alleges, and incorporates by reference paragraphs 1 through 38 of its Counterclaims as if restated and repeated herein.

40. On September 29, 2020, the United States Patent and Trademark Office duly and legally issued the '805 Patent. The '805 Patent is titled "Casino Machine Having Emotive Lighting pubStructures," has a priority date of June 10, 2015, and is a continuation of U.S. Patent No. 10,096,202 (Application No. 15/215,384) which was filed on July 20, 2016, which is a continuation-in-part of U.S. Patent No. 10,019,868 (Application No. 14/735,931) which was filed on June 10, 2015. A true and correct copy of the '805 Patent is attached hereto as Exhibit A.

41. SG is the owner, by assignment, of all right, title, and interest in, to and under the '805 Patent, including the right to recover damages for past, present, and future infringement.

42. ETG has been and is directly infringing, literally and/or under the doctrine of equivalents, one or more claims of the '805 Patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering for sale, and/or causing others to make, use, sell, and/or

11



offer for sale in the United States its slot machines covered by one or more of the claims of the '805 Patent, including, but not limited to, at least Claim 1.

43.    By way of example, independent Claim 1 of the '805 Patent provides:

Claim 1. An emotive lighting structure for a gaming machine, the gaming machine including a cabinet and an electronic display device mounted to the cabinet, the electronic display device having an active area configured to display video images of a casino wagering game, the emotive lighting structure comprising:

a masked area adjacent to the active area and lacking any display of the video images of the casino wagering game, the masked area including a printed bottom surface comprising a printed gradation pattern, the printed gradation pattern being partially opaque and partially translucent or transparent;

a diffuser including a first portion and a second portion coupled to the first portion, the first portion being covered by the masked area, the second portion being laterally adjacent to the masked area and laterally spaced from the active area by the masked area, the second portion being visible to a player in front of the cabinet; and

a concealed light source configured to emit light into the diffuser, the diffused light in the first portion being partially visible through the gradation pattern to create a pattern light effect to the player in front of the cabinet, the diffused light in the second portion being visible to the player without being blocked by the masked area.

44.    Each of the elements of Claim 1 of the '805 Patent are present in ETG's slot machines. For example, each ETG slot machine includes:

(1) an emotive light structure;
(2) has a masked area adjacent to the active area and lacks any display of the video images of the casino wagering game, the masked area includes a printed bottom surface comprising a printed gradation pattern, the printed gradation pattern being partially opaque and partially translucent or transparent;
(3) has a diffuser including a first portion and a second portion coupled to the first portion, the first portion being covered by the masked area, the second portion being laterally adjacent to the masked area and laterally spaced from the active area by the masked area, the second portion being visible to a player in front of the cabinet; and
(4) has a concealed light source configured to emit light into the diffuser, the diffused light in the first portion being partially visible through the gradation pattern to create a pattern light effect to the player in front of the cabinet, the diffused light in the second portion being visible to the player without being blocked by the masked area.

45.    On information and belief, ETG, and other officers, directors, employees, and attorneys for ETG, have been aware of the '805 Patent since at least as early as the issue date of the patent, September 29, 2020.



46. Despite ETG's knowledge of the '805 Patent and its scope, it has made, used, offered for sale, sold, and continues to make, use, offer for sale, and sell and/or caused others to make, use, sell, and/or offer for sale in the United States the ETG Accused Slot Machines, thereby willfully infringing claims of the '805 Patent with full knowledge of SG's rights in the '805 Patent.

47. As a direct and proximate result of ETG's infringement of the '805 Patent, SG has suffered and continues to suffer damages. SG is entitled to recover from ETG's lost profits and no less than a reasonable royalty, in an amount to be determined at trial.

48. ETG's infringement is willful, subjecting it to enhanced damages under relevant patent laws.

49. ETG's infringement of the '805 Patent is exceptional. Accordingly, pursuant to 35 U.S.C. § 285, L&W is entitled to recover from ETG its reasonable attorneys' fees and costs incurred in prosecuting this action.

50. As a direct and proximate result of ETG's acts of infringement, L&W has been irreparably harmed and will continue to be harmed unless and until ETG's infringing acts are enjoined and restrained by order of this Court.

## PRAYER FOR RELIEF

Wherefore, L&W respectfully requests that the Court enter judgment against ETG, and provide relief as follows:

A. Declare that each claim of the '807 Patent is invalid, not infringed and/or unenforceable;

B. Enter judgment that ETG has directly infringed and is directly infringing one or more claims of the '805 Patent;

C. That SG be awarded damages against ETG pursuant to 35 U.S.C. § 284 that are adequate to compensate L&W for ETG's infringement of the '805 Patent, but in no event less than a reasonable royalty for the use made of the claimed inventions, with interest and costs;



13

D.      Permanently enjoin, under 35 U.S.C. § 283, ETG, its officers, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them from infringing the '805 Patent;

E.      Declare that ETG's infringement was and is willful from the time ETG became aware of the infringing nature of its products, and award treble damages for the period of such willful infringement of the '805 Patent;

F.      Declare that this is an exceptional case within the meaning of 35 U.S.C. § 285 and award L&W their reasonable attorneys' fees, costs, and expenses;

G.      Order an accounting of all infringing sales and revenues, together with post-judgment interest and prejudgment interest from the date of infringement of the '805 Patent;

H.      Award L&W prejudgment and post-judgment interest on the damages award;

I.      Award L&W its reasonable attorneys' fees, expenses and costs, incurred in connection with this action; and

J.      Award L&W any and all further legal and equitable relief that the Court may deem just and proper under the circumstances.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DICKINSON WRIGHT
ATTORNEYS AT LAW

## **DEMAND FOR JURY TRIAL**

L&W hereby respectfully request a trial by jury on all issues raised in this Complaint and Counterclaims so triable by right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED this 23rd day of September, 2022.

DICKINSON WRIGHT PLLC

*/s/ John L. Krieger*
MICHAEL N. FEDER
Nevada Bar No. 7332
JOHN L. KRIEGER
Nevada Bar No. 6023
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
Tel: (702) 550-4400
Fax: (844) 670-6009
Email: mfeder@dickinson-wright.com
Email: jkrieger@dickinson-wright.com

JOHN S. ARTZ
(*Pro hac vice to be submitted*)
YAFEEZ S. FATABHOY
(*Pro hac vice to be submitted*)
350 S. Main Street, Suite 300
Ann Arbor MI, 48104
Tel: (248) 433-7200
Fax: (844) 670-6009
Email: jsartz@dickinson-wright.com
Email: yfatabhoy@dickinson-wright.com

*Attorneys for Defendants Light & Wonder, Inc. and SG Gaming, Inc.*

15

## CERTIFICATE OF SERVICE

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 23rd day of September, 2022, she caused a copy of **DEFENDANTS' ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS** to be served electronically to all parties of interest through the Court's *CM/ECF system* as follows:

Michael J. McCue
Meng Zhong
**LEWIS ROCA ROTHBERGER CHRISTIE LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169-5996
Email: mmccue@lewisroca.com
Email: mzhong@lewisroca.com

G. Warren Bleeker (Admitted *Pro Hac Vice*)
**LEWIS ROCA ROTHBERGER CHRISTIE LLP**
655 N. Central Avenue, Suite 2300
Glendale, CA  91203-1445
Email: wbleeker@lewisroca.com

*Attorneys for Plaintiff*
*Empire Technological Group Limited*

/s/ Ashley B. Moretto
An Employee of Dickinson Wright PLLC

16