Michael J. McCue (Nevada Bar #6055)
Meng Zhong (Nevada Bar #12145)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Tel: (702) 949-8200
E-mail: mmccue@lewisroca.com
E-mail: mzhong@lewisroca.com

G. Warren Bleeker (Admitted *Pro Hac Vice*)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
655 N. Central Ave., Suite 2300
Glendale, CA 91203-1445
Tel: (626) 795-9900
Email: wbleeker@lewisroca.com

*Attorneys for Plaintiff/Counter-Defendant*
*Empire Technological Group Limited*

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| EMPIRE TECHNOLOGICAL GROUP LIMITED, | Case No.  2:22-cv-00923-MMD-BNW |
| Plaintiff, | **PLAINTIFF EMPIRE TECHNOLOGICAL GROUP LIMITED'S OPPOSITION TO DEFENDANTS LIGHT & WONDER, INC.'S AND LNW GAMING, INC., formerly known as SG GAMING INC.'S, MOTION FOR SUMMARY JUDGMENT OF INVALIDITY** |
| vs. | |
| LIGHT & WONDER, INC., and SG GAMING, INC., | |
| Defendants. | |

**AND RELATED COUNTERCLAIMS.**

1

## **TABLE OF CONTENTS**

2

**Page**

3    I.     INTRODUCTION ..................................................................................... 1

4    II.    BRIEF FACTUAL BACKGROUND ....................................................... 3

5    III.   STATEMENT OF DISPUTED AND UNDISPUTED MATERIAL
            FACTS PURSUANT TO LOCAL RULE 56-1 ......................................... 4

6

7           A.    Empire's Response to Defendants' Proffered Facts ............................ 4

8           B.    Empire's Additional Material Facts Relevant To This Motion ............. 5

9                 1.    Atlantic City Pre-G2E Event ...................................... 5

10                2.    Southern Road Show .................................................... 7

11                3.    The 2016 G2E Event .................................................... 8

12                4.    Empower Conference ................................................. 10

13                5.    Bicycle Casino ......................................................... 12

14                6.    Purported Sale/Training To Norwegian Cruise Lines .............. 13

15   IV.    LEGAL STANDARDS FOR SUMMARY JUDGMENT AS
            TO PATENT VALIDITY .......................................................... 14

16          A.    Defendants' Clear and Convincing Standard of Proof ...................... 14

17          B.    Patent Invalidity Must Be Determined On a Claim-By-Claim Basis ... 14

18          C.    The Moving Party Must Prove There Are No Disputed
                  Material Facts ............................................................... 15

19

20   V.     DEFENDANT FAILED TO MEET ITS HEIGHTENED BURDEN
            OF PROOF AND THERE ARE NUMEROUS DISPUTED MATERIAL
            FACTS PRECLUDING SUMMARY JUDGMENT AS TO THE PUBLIC
            USE DEFENSE ............................................................... 15

21

22          A.    Defendant Failed To Prove Its Alleged Public Use Disclosed
                  the Claimed Invention.................................................... 15

23

24                1.    A PowerPoint Presentation Does Not Publicly Disclose
                        Representative Claim 1 ............................................. 20

25                2.    Defendants' Purported "Demonstration" at G2E Fails To
                        Prove a Public Use With Clear and Convincing Evidence. ..... 23

26

27                3.    Bicycle Casino ......................................................... 25

28                4.    Claim Construction Is Required Before Determining Whether
                        Any Alleged Public Use Disclosed the Claimed Invention ..... 26

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

1

5.    The On Sale Bar Defense Only Applies To A Sale By
The Inventor And Is Therefore Inapplicable Here...................27

2

VI.    CONCLUSION ............................................................................................29

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

121317004.5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc.,*
   344 F.3d 1186 (Fed. Cir. 2003) ............................................................. 3, 26, 27

*BASF Corp. v. SNF Holding Co.,*
   955 F.3d 958 (Fed. Cir. 2020) ................................................... 16, 19, 21, 25

*Beach Brands, Inc. v. Sunbeam Prods., Inc.,*
   Case No. 3:11-CV-345, 2012 WL 6562220 (E.D. Va., Aug. 13, 2012),
   *aff'd*, 726 F.3d 1370 ..................................................................... 18, 21, 29

*Becton Dickinson & Co. v. C. R. Bard, Inc.,*
   922 F.2d 792 (Fed. Cir. 1990) ......................................................................15

*In re Caveney,*
   761 F.2d 671 (Fed. Cir. 1985) ...............................................................27, 28

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986)......................................................................................15

*Delano Farms Co. v. California Table Grape Comm'n,*
   778 F.3d 1243 (Fed. Cir. 2015) .....................................2, 3, 16, 19, 21, 24, 29

*Dey, L.P. v. Sunovion Pharms., Inc.,*
   715 F.3d 1351 (Fed. Cir. 2013) ................................................... 1, 15, 16, 18

*Helifix Ltd. v. Blok-Lok, Ltd.,*
   208 F.3d 1339 (Fed. Cir. 2000) ...............................................................26, 27

*Juicy Whip, Inc. v. Orange Bang, Inc.,*
   292 F.3d 728 (Fed. Cir. 2002) ......................................................................15

*Key Pharms. v. Hercon Labs. Corp.,*
   161 F.3d 709 (Fed. Cir. 1998) ......................................................................27

*Minerva Surgical, Inc. v. Hologic, Inc.,*
   59 F.4th 1371 (Fed. Cir. 2023) .....................................................................18

*Motionless Keyboard Co. v. Microsoft Corp.,*
   486 F.3d 1376 (Fed. Cir. 2007) ................................................... 16, 17, 19, 21

*Omega Eng'g, Inc. v. Raytek Corp.,*
   334 F.3d 1314 (Fed. Cir. 2003) ....................................................................26

*In re Paulsen,*
   30 F.3d 1475 (Fed. Cir. 1994) ......................................................................27

- iii -

*Quest Integrity USA, LLC v. Cokebusters USA Inc.*,
   924 F.3d 1220 (Fed. Cir. 2019) ...................................................................29

*ResQNet.com, Inc. v. Lansa, Inc.*,
   594 F.3d 860 (Fed. Cir. 2010) .....................................................................27

*Sandt Tech. Ltd. v. Resco Metal and Plastics Corp.*,
   264 F.3d 1344 (Fed. Cir. 2001) ...................................................................15

*Scaltech Inc. v. Retec/Tetra, L.L.C.*,
   178 F.3d 1378 (Fed. Cir. 1999) ...................................................................15

*Scaltech, Inc. v. Retec/Tetra, LLC*,
   269 F.3d 1321 (Fed. Cir. 2001) ...................................................................29

*Schlumberger Tech. Corp. v. BICO Drilling Tools, Inc.*,
   Civ. Action H-17-3211,
   2019 WL 2450948 (S.D. Tex., June 12, 2019) ...................................18, 28

*Schumer v. Lab'y Comput. Sys.*,
   308 F.3d 1304 (Fed. Cir. 2002) ...................................................................15

*SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*,
   225 F.3d 1349 (Fed. Cir. 2000) ...................................................................26

*SRAM Corp. v. AD-II Eng'g, Inc.*,
   465 F.3d 1351 (Fed. Cir. 2006) ...................................................................14

*Toro Co. v. Deere & Co.*,
   355 F.3d 1313 (Fed. Cir. 2004) ...................................................................27

*TransWeb, LLC v. 3M Innovative Props. Co.*,
   812 F.3d 1295 (Fed. Cir. 2016) ...................................................................14

*Vanmoor v. Wal-Mart Stores, Inc.*,
   201 F.3d 1363 (Fed. Cir. 2000) ...................................................................17

*Waddington North Am., Inc. v. Sabert Corp.*,
   Civil Action No. 09-4883 (GEB),
   2010 U.S. Dist. LEXIS 103955 (D.N.J., 2010) .........................................27

**Statutes**

35 U.S.C. §102 ...............................................................................................14

35 USC § 102(a) ..............................................................................................4

35 U.S.C. § 102(b) ....................................................................................17, 27

35 U.S.C. § 282(a) ...........................................................................................14

121317004.5

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

1

Fed. R. Civ. P. 56(a) ...............................................................................................15

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

121317004.5

1    Plaintiff Empire Technological Group Limited ("Plaintiff" or "Empire") respectfully

2    files the below memorandum in opposition to the motion for summary judgment filed by

3    Defendants Light & Wonder, Inc. and LNW Gaming, Inc., formerly known as SG Gaming,

4    Inc. (collectively, "L&W" or "Defendants").

5    **I.   INTRODUCTION**

6    Empire owns U.S. Patent No. 11,341,807 (the '807 Patent) that covers its invention of

7    an electronic gaming system. Specifically, the claimed invention, as set forth in representative

8    claim 1, includes an electronic gaming table having a table controller, a display device

9    connected to a table controller, and controlled to present gaming-related information, an edge

10   display, with an outer cover structure having a central hollow region, where the edge display

11   is connected to a table controller, and controlled to present gaming-related information, and

12   where the edge display features a plurality of light segments positioned within at least a portion

13   of the central hollow region, the light segments being adjacent one another.  '807 Patent, ECF

14   No. 1-1 at Claim 1.

15   The parties have not yet made their initial infringement contentions or invalidity

16   contentions under the local patent rules. No claim terms have been construed. Defendants

17   currently **deny** that their products meet the claim limitations of any claim of the '807 Patent.

18   Defendants prematurely seek summary judgment based on patent invalidity, specifically public

19   use.  While denying infringement, Defendants argue that a demonstration-only version of its i-

20   Score Plus product, while still in development, was shown at an industry-only trade show,

21   where no members of the public were admitted, before the actual product was released or ever

22   installed in an actual casino, and this constitutes clear and convincing evidence of public use

23   of the claimed invention.

24   Defendants' motion should be denied for numerous reasons.  The issue of public use

25   "is replete with factual considerations" *Dey, L.P. v. Sunovion Pharms., Inc.*, 715 F.3d 1351,

26   1355-57 (Fed. Cir. 2013)), and therefore not typically appropriate for disposition on summary

27   - 1 -

28

judgment. The Federal Circuit has explained, regarding the public use defense, that "[i]f members of the public are not informed of, and cannot readily discern, the claimed features of the invention in the allegedly invalidating prior art, the public has not been put in possession of those features." *Delano Farms Co. v. California Table Grape Comm'n,* 778 F.3d 1243, 1249-1250 (Fed. Cir. 2015) (affirming bench trial determination of no public use on the grounds that grape varieties cannot be reliably identified simply by viewing the growing vines alone).

Instead of conceding infringement, Defendants curiously ***deny*** infringement (Defs.' Counterclaims, ECF No. 13 at ¶¶ 37, 38) and make no showing that any purported public use disclosed the claim elements of any claim of the '807 Patent.  Instead of presenting evidence that any purported public use disclosed an invention such that the general public could "readily discern" the claimed invention, Defendants instead simply point to the fact that Empire ***alleges*** that a different version of their product, ***as installed in a casino***, and used by the public, infringes. Bleeker Decl., Exh. F (Defs.' Responses to Requests for Admission 1-4). Defendants therefore fail to offer evidence sufficient to show public use.

In addition, Defendants' own 30(b)(6) witness, Colin Helsen, its Vice President and Managing Director of Global Utility Products, readily admitted that the G2E industry trade show demonstration was ***not*** a public use, and further conceded that the public was not even exposed to the actual accused product until it was installed at a public casino: "Our products cannot be purchased by the general public, ***so there would be no point for the general public to come to the show***. It would have been a targeted audience of people that could purchase these products. By law you cannot sell to noncasino operators." *Id.* Bleeker Decl., Exh. A, (Helsen Depo Tr. at 34:11-16) (emphasis supplied).  Mr. Helsen also testified: "No casino products – ***it's not for the general public***. The entire . . . market is the casino industry. Even your company could not show this to the general public, or shouldn't be, you know? ***The general public will see it when they're playing at a casino.*** They cannot purchase it; they cannot install it. . . . why would you show it to somebody off the street who is not interested? There would be zero interest and zero point. " *Id.* at 114:16-115:6 (emphasis supplied).

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

Incredibly, Defendants also **concede** that the final version of the accused i-Score Plus version 1.8 product was not installed in an actual operating casino until mid to late 2017, which is after the critical date and therefore could not constitute public use.  Bleeker Decl., Exh. A (Helsen Depo. Tr. at 118:20-119:3; 125:22-126:3).

Defendants failed to prove that its demonstration version shown at the G2E industry trade show included "an electronic gaming table," "a controller," or a "central hollow region," or any other required element of Claim 1 or any other claim of the '807 Patent. In fact, Mr. Helsen, the main person in charge of the accused product, testified he did not even understand how or if this product publicly disclosed any claim terms of the '807 Patent. If Mr. Helsen did not understand what was disclosed, Defendants cannot possibly demonstrate by clear and convincing evidence that members of the public (even if they had been present) were informed of, and readily discerned the claimed features of the inventions claimed in the '807 Patent. *Delano Farms*, 778 F.3d at 1249-50.

Defendants similarly failed to show any other instance of public use by clear and convincing evidence.  Defendants therefore have failed to meet their burden of proving clear and convincing evidence that the general public "readily discern[ed] the claimed features of the invention" and was "put in possession of those features" prior to the critical date. *Id.* Instead, Defendants' facts show that not even their own employees readily discerned the claimed features, which on its own, defeats the motion.

Separately, Defendants' motion should be denied as premature.  No claim construction has yet taken place, yet the Federal Circuit has repeatedly held that claim construction is an *indispensable* first step in any invalidity analysis.  *See, e.g., Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc.*, 344 F.3d 1186, 1195, n.4 (Fed. Cir. 2003) (emphasis added).

For all these reasons, Defendants' motion should be denied.

## II.    BRIEF FACTUAL BACKGROUND

Empire is an industry-leading developer of casino games and innovative gaming table technology. Empire has obtained several patents, including the '807 Patent.  Empire asserts that, as deployed in working casinos, specific versions of Defendants' "i-Table", "i-Score

Plus", and "i-Score Ultra" (collectively, the "Accused Products") infringe at least claims 1 and 11 of the '807 Patent.  Defendants assert counterclaims that the accused products do not infringe the '807 Patent, and that the '807 Patent is invalid based on the public use bar of 35 USC § 102(a). Defs.' Counterclaims, ECF No. 13 at ¶¶ 32, 37, 38.

Defendants requested to bifurcate the case and focus exclusively first on their affirmative defense of public use.  The parties stipulated, and the Court agreed, that the "patent disclosure and other patent requirements set forth under the Local Patent Rules be suspended during this initial phase of discovery" regarding Defendants' public use defense.  ECF No. 23 at p. 3 of 6.  As such, Empire has not made its initial infringement contentions and Defendants have not made their initial invalidity contentions. No claim terms have been identified or proposed for construction, no proposed claim terms have been exchanged, the parties have not briefed the issues, and the Court has not construed any claims.

III.    **STATEMENT OF DISPUTED AND UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56-1**

A.      **Empire's Response to Defendants' Proffered Facts**

Pursuant to LR 56-1, Empire responds to Defendants' proffered statement of undisputed facts as follows:

Empire does not dispute the following facts proffered by Defendants: 1-8, 10.

As to Defendants' Fact 9, Empire responds that it was not aware of Defendants' purported invalidity defense at the time it filed suit and the evidence relied on by Defendants does not support the allegation, and it is irrelevant to any issue presented in Defendants' summary judgment motion as to its public use defense.

As to Defendants' Facts 11-13, Empire has not yet had an opportunity to conduct discovery on this matter to determine whether it is accurate or not as the first phase discovery does not cover this topic, but this purported fact is irrelevant to any issue presented in Defendants' summary judgment motion as to its public use defense.

As to Defendants' Facts 14-50, 52-68, these purported facts are either irrelevant to any issue presented in Defendants' summary judgment motion as to its public use defense and/or

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

121317004.5

1  do not constitute admissible evidence, let alone clear and convincing evidence, of public use

2  of any claimed invention of the '807 Patent. Defendants' purported evidence fails to show, for

3  example, the public disclosure of an electronic gaming table, a table controller, a display device

4  connected to a table controller, and controlled to present gaming-related information, an edge

5  display, with an outer cover structure having a central hollow region, where the edge display

6  is connected to a table controller, and controlled to present gaming-related information, and

7  where the edge display features a plurality of light segments positioned within at least a portion

8  of the central hollow region, the light segments being adjacent one another, evidence that live

9  gaming was demonstrated, evidence the Defendants disclosed each element of any claim of

10 the '807 Patent, or evidence that any attendee understood each element of any claim of the

11 '807 Patent as a result of any presentation by Defendants.

12       As to Defendants' Fact 51, the cited evidence does not support the assertion.

13     **B.    Empire's Additional Material Facts Relevant To This Motion**

14            **1.    Atlantic City Pre-G2E Event**

15       Defendants allege that its presentation at a Pre-G2E event in Atlantic City, New Jersey

16 ("AC Pre-G2E") was a public use. ECF No. 31, ¶ 23. However, the additional facts provided

17 below show that the presentation at the Pre-G2E event was insufficient to prove public use.

18       1.    The AC Pre-G2E event was an invite only event that was not open to the general

19 public (Bleeker Decl., Exh. A (Helsen Depo. Tr. at 31:1-4)), and the invitees included "high-

20 profile customers or quite a few customers." (*Id.* at 30:1-6).

21       2.    The AC Pre-G2E event only included a presentation and did not include an

22 actual demonstration of a physical product. (*Id.* at 30:14-18). Additionally, Helsen was unable

23 to confirm whether there were physical specimens of the video screens with light edging and

24 whether an electronic gaming table was set up at the AC Pre-G2E (*Id.* at 31:12-23). Further,

25 Vizzo (Defendants' Associate Product Manager) testified that he was unable to recall

26 specifically what was shown at the AC Pre-G2E event. (Bleeker Decl., Exh. B (Vizzo Depo.

27 Tr. at 115:19-24)).

28

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

121317004.5

3.      The presentation at the AC Pre-G2E described a product that was still under development.  (*Id.* at 91:2-10). Defendants described a product under development as a product that was still being developed and still undergoing changes. *Id.* at Exh. C (Jones Depo. at 28:17-23; 29:11-18).

4.      Defendants did not provide evidence that "an electronic gaming table" was demonstrated at the Pre-G2E Event.

5.      Defendants did not provide evidence that "a table controller" was demonstrated at the Pre-G2E Event.

6.      Defendants did not provide evidence that "a central hollow region" was demonstrated at the Pre-G2E Event.

7.      Defendants did not provide evidence of a public disclosure of an electronic gaming table having a table controller, a display device connected to a table controller, and controlled to present gaming-related information, an edge display, with an outer cover structure having a central hollow region, where the edge display is connected to a table controller, and controlled to present gaming-related information, and where the edge display features a plurality of light segments positioned within at least a portion of the central hollow region, the light segments being adjacent one another at the Pre-G2E Event.

8.      Defendants did not provide evidence that live gaming was demonstrated at the Pre-G2E Event.

9.      Defendants did not provide evidence that a product was demonstrated with playing cards at the Pre-G2E Event.

10.     Defendants did not provide evidence showing that one or more elements of the '807 Patent were demonstrated at the Pre-G2E Event.

11.     Defendants did not provide evidence that any claim of the '807 Patent was publicly disclosed at the Pre-G2E Event.

12.     Defendants did not provide evidence that the attendees of the Pre-G2E understood each element of any claim of the '807 Patent as a result of Defendants' presentation at the Pre-G2E Event.

121317004.5

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

2.      **Southern Road Show**

Defendants also allege that its presentation at the Southern Road Show was also a public use. ECF No. 31, ¶ 30.  But the facts below show that the Southern Road Show was also insufficient to show public use.

13.     The Southern Road show was also an invite-only event that was not open to the general public. (Bleeker Decl., Exh. A (Helsen Depo. Tr. at 33:24-34:5)). Additionally, Helsen testified that "Our products cannot be purchased by the general public, so there would be no point for the general public to come to the show. It would have been a target audience of people that could purchase these products. By law you cannot sell to noncasino operators." (*Id.* at 34:11-16).

14.     Further, Helsen was unable to confirm whether the Defendants presented a demonstration of Version 1.18 of the i-Score Plus with light edging at the Southern Road Show. (*Id.* at 33:11-16).

15.     The presentation at the Southern Roadshow described a product that was still under development. Bleeker Decl. Exh. B (Vizzo Depo. Tr. at 91:2-10). Defendants described a product under development as a product that was still being developed and still undergoing changes. *Id.* at Exh. C (Jones Depo. Tr. at 28:17-23; 29:11-18).

16.     Defendants did not provide evidence that "an electronic gaming table" was demonstrated at the Southern Road Show.

17.     Defendants did not provide evidence that "a table controller" was demonstrated at the Southern Road Show.

18.     Defendants did not provide evidence that "a central hollow region" was demonstrated at the Southern Road Show.

19.     Defendants did not provide evidence of a public disclosure of an electronic gaming table having a table controller, a display device connected to a table controller, and controlled to present gaming-related information, an edge display, with an outer cover structure having a central hollow region, where the edge display is connected to a table controller, and controlled to present gaming-related information, and where the edge display features a

121317004.5

plurality of light segments positioned within at least a portion of the central hollow region, the light segments being adjacent one another at the Southern Road Show.

20.     Defendants did not provide evidence that live gaming was demonstrated at the Southern Road Show.

21.     Defendants did not provide evidence that a product was demonstrated with playing cards at the Southern Road Show.

22.     Defendants did not provide evidence showing that one or more elements of the '807 Patent were demonstrated at the Southern Road Show.

23.     Defendants did not provide evidence that any claim of the '807 Patent was publicly disclosed at the Southern Road Show.

24.     Defendants did not provide evidence that the attendees of the Southern Road Show understood each element of any claim of the '807 Patent as a result of Defendants' presentation at the Southern Road Show.

### 3.     The 2016 G2E Event

Defendants also allege that the product it showed at the 2016 G2E was a public use. ECF No. 31, ¶ 35.  But the facts provided below show that the 2016 G2E was also insufficient to show public use that invalidates any claim of the '807 Patent.

25.     Colin Helsen, Defendants' Vice President and Managing Director of Global Utility Products, admitted that the G2E industry trade show demonstration was ***not*** a public use, and further conceded that the public was not even exposed to the actual accused product until it was installed at a public casino: "Our products cannot be purchased by the general public, ***so there would be no point for the general public to come to the show***. It would have been a targeted audience of people that could purchase these products. By law you cannot sell to noncasino operators."  Bleeker Decl., Exh. A (Helsen Depo. Tr. at 34:11-16 (emphasis supplied).

26.     Mr. Helsen also testified: "No casino products – ***it's not for the general public***. The entire . . . market is the casino industry. Even your company could not show this to the general public, or shouldn't be, you know? ***The general public will see it when they're playing***

121317004.5

*at a casino.* They cannot purchase it; they cannot install it. . . . why would you show it to somebody off the street who is not interested? There would be zero interest and zero point." *Id.* at 114:16-115:6 (emphasis supplied).

27.     Defendants also concede that the final version of the accused i-Score Plus version 1.8 product was not installed in an actual operating casino until mid to late 2017, which is after the critical date and therefore could not constitute public use.  *Id.* at 118:20-119:3; 125:22-126:3.

28.     Helsen testified that the product displayed at the 2016 G2E was not demonstrated with live wagers because "you can't do live gaming at G2E. You do virtual gaming." *Id.* at 42:19-22.

29.     Helsen was unable to confirm where one of the terms of the '807 Patent, an "electronic gaming table", was present with their product at the 2016 G2E Event. *Id.* at 44:14-19. In fact, Helsen testified that he did not have an understanding of the term "electronic gaming table" and called it "a very vague term there." *Id.* at 44:21-45:1.

30.     Further, Helsen was also unable to confirm whether another term of the '807 Patent, "table controller", was present at 2016 G2E. *Id.* at 45:14-22. Similarly, he also testified that he did not understand the meaning of the term "table controller". *Id.* at 45:24-46:1).

31.     Also, Vizzo could not recall whether playing cards were dealt to demonstrate the functioning of the product on display. *Id.* at Exh. B (Vizzo Depo. Tr. at 47:6-13; 15-18; 50:16-21).

32.     During the product demonstration, Defendants manually inputted results using a keypad. *Id.* at Exhs. A (Helsen Depo. Tr. at 44:4-13; 51:23-52:6; and B (Vizzo Depo. Tr. at 48:15-49:16; 64:6-21).

33.      Defendants were unable to recall a specific demonstration of a win streak by a banker or a tie between a banker and player. *Id.* at Exh. B (Vizzo Depo. at 53:5-20).

34.     The product displayed at the 2016 G2E Event was still under development. Bleeker Decl. Exh. B (Vizzo Depo. Tr. at 91:2-10). Defendants described a product under development as a product that was still being developed and still undergoing changes. *Id.* at

121317004.5

- 9 -

Exh. C (Jones Depo. Tr. at 28:17-23; 29:11-18).

35.   Defendants did not provide evidence that "an electronic gaming table" was demonstrated at the 2016 G2E.

36.   Defendants did not provide evidence that "a table controller" was demonstrated at the 2016 G2E.

37.   Defendants did not provide evidence that "a central hollow region" was demonstrated at the 2016 G2E.

38.   Defendants did not provide evidence of a public disclosure of an electronic gaming table having a table controller, a display device connected to a table controller, and controlled to present gaming-related information, an edge display, with an outer cover structure having a central hollow region, where the edge display is connected to a table controller, and controlled to present gaming-related information, and where the edge display features a plurality of light segments positioned within at least a portion of the central hollow region, the light segments being adjacent one another at the 2016 G2E.

39.   Defendants did not provide evidence that live gaming was demonstrated at the 2016 G2E.

40.   Defendants did not provide evidence that a product was demonstrated with playing cards at the 2016 G2E.

41.   Defendants did not provide evidence showing that one or more elements of the '807 Patent were demonstrated at the 2016 G2E.

42.   Defendants did not provide evidence that any claim of the '807 Patent was publicly disclosed at the 2016 G2E.

43.   Defendants did not provide evidence that the attendees of the 2016 G2E understood each element of any claim of the '807 Patent as a result of Defendants' presentation at the 2016 G2E.

**4.   Empower Conference**

Defendants argue that its demonstration at the 2017 Empower Conference was a public use. ECF No. 31, ¶ 63.  But the facts provided below show that the Empower Conference

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

presentation does not meet the public use bar.

44.    Defendants were unable to confirm that an actual sample of a product was available at Empower. (Bleeker Decl. Exh. A (Helsen Depo. Tr. at 78:24-79:8)).   Helsen testified that he did not know if there were any images taken at Empower. *Id.* at 79:9-18.

45.    Further, the Empower Conference was also an invite-only event that was not open to the general public. (*Id.* at Exhs. B (Vizzo Depo. Tr. at 102:9-14); D (Lucchetti Depo. Tr. at 31:12-17)).

46.    Defendants did not provide evidence that "an electronic gaming table" was demonstrated at the Empower Conference.

47.    Defendants did not provide evidence that "a table controller" was demonstrated at the Empower Conference.

48.    Defendants did not provide evidence that "a central hollow region" was demonstrated at the Empower Conference.

49.    Defendants did not provide evidence of a public disclosure of an electronic gaming table having a table controller, a display device connected to a table controller, and controlled to present gaming-related information, an edge display, with an outer cover structure having a central hollow region, where the edge display is connected to a table controller, and controlled to present gaming-related information, and where the edge display features a plurality of light segments positioned within at least a portion of the central hollow region, the light segments being adjacent one another at the Empower Conference.

50.    Defendants did not provide evidence that live gaming was demonstrated at the Empower Conference.

51.    Defendants did not provide evidence that a product was demonstrated with playing cards at the Empower Conference.

52.    Defendants did not provide evidence showing that one or more elements of the '807 Patent were demonstrated at the Empower Conference.

53.    Defendants did not provide evidence that any claim of the '807 Patent was publicly disclosed at the Empower Conference.

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

54.     Defendants did not provide evidence that the attendees of the Empower Conference understood each element of any claim of the '807 Patent as a result of Defendants' presentation at the Empower Conference.

**5.     Bicycle Casino**

Defendants also allege that the sample it took to the Bicycle Casino in Southern California was a public use. ECF No. 31, ¶ 61.  But the facts provided below show that the sample presented to the Bicycle Casino was also insufficient to show public use that invalidates any claim of the '807 Patent.

55.     Will Jones admitted that Defendants "don't give demonstrations on the [casino] floor" so whatever demonstration took place would have occurred in "some room that was not public."  Bleeker Decl., Exh. C (Jones Depo. Tr. at 32:20-25).

56.     However, Defendants said it only took a lighting kit display and had to "jerry-rig something to make sure that it could stand up appropriately and didn't topple over for the - - you know, for the demo". (*Id.* at 33:24-34:18).

57.     Further, Defendants testified that it demonstrated the product by manually inputting results into a keypad. (*Id.* at 34:19-35:6).

58.     Defendants did not provide evidence that "an electronic gaming table" was demonstrated at the Bicycle Casino.

59.     Defendants did not provide evidence that "a table controller" was demonstrated at the Bicycle Casino.

60.     Defendants did not provide evidence that "a central hollow region" was demonstrated at the Bicycle Casino.

61.     Defendants did not provide evidence of a public disclosure of an electronic gaming table having a table controller, a display device connected to a table controller, and controlled to present gaming-related information, an edge display, with an outer cover structure having a central hollow region, where the edge display is connected to a table controller, and controlled to present gaming-related information, and where the edge display features a plurality of light segments positioned within at least a portion of the central hollow region, the

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

light segments being adjacent one another at the Bicycle Casino.

62.     Defendants did not provide evidence that live gaming was demonstrated at the Bicycle Casino.

63.     Defendants did not provide evidence that a product was demonstrated with playing cards at the Bicycle Casino.

64.     Defendants did not provide evidence stating that one or more elements of the '807 Patent were demonstrated at the Bicycle Casino.

65.     Defendants did not provide evidence that any claim of the '807 Patent was publicly disclosed at the Bicycle Casino.

66.     Defendants did not provide evidence that the attendees of the Bicycle Casino understood each element of any claim of the '807 Patent as a result of Defendants' presentation at the Bicycle Casino.

**6.     Purported Sale/Training To Norwegian Cruise Lines**

Defendants also allege that a sale of monitor to Norwegian Cruise Lines and a training session was a public use. ECF 31, ¶¶ 51-59.  But the facts provided below show that Defendants have failed to meet their burden to prove that such use invalidates any claim of the '807 Patent.

67.     Defendants did not provide evidence that any meeting with Norwegian Cruise Lines was open to the public.

68.     Defendants did not provide evidence that "an electronic gaming table" was disclosed to Norwegian Cruise Lines.

69.     Defendants did not provide evidence that "a table controller" was disclosed to Norwegian Cruise Lines.

70.     Defendants did not provide evidence that "a central hollow region" was disclosed to Norwegian Cruise Lines.

71.     Defendants did not provide evidence of a public disclosure of an electronic gaming table having a table controller, a display device connected to a table controller, and controlled to present gaming-related information, an edge display, with an outer cover structure having a central hollow region, where the edge display is connected to a table controller, and

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

121317004.5

1   controlled to present gaming-related information, and where the edge display features a

2   plurality of light segments positioned within at least a portion of the central hollow region, the

3   light segments being adjacent one another to Norwegian Cruise Lines.

4        72.    Defendants did not provide evidence that live gaming was demonstrated at the

5   Norwegian Cruise Lines.

6        73.    Defendants did not provide evidence that a product was demonstrated with

7   playing cards to Norwegian Cruise Lines.

8        74.    Defendants did not provide evidence showing that one or more elements of the

9   '807 Patent were demonstrated to Norwegian Cruise Lines.

10        75.    Defendants did not provide evidence that any claim of the '807 Patent was

11   publicly disclosed Norwegian Cruise Lines.

12        76.    Defendants did not provide evidence that anyone at Norwegian Cruise Lines

13   understood each element of any claim of the '807 Patent as a result of Defendants' public

14   disclosures.

## IV.   LEGAL STANDARDS FOR SUMMARY JUDGMENT AS TO PATENT VALIDITY

### A.   Defendants' Clear and Convincing Standard of Proof

Under 35 U.S.C. § 282 a patent is presumed valid, and a party seeking to invalidate a patent can only overcome the presumption through facts supported by clear and convincing evidence. *SRAM Corp. v. AD-II Eng'g, Inc.*, 465 F.3d 1351, 1357 (Fed. Cir. 2006). When moving for patent invalidity at summary judgment, the movant "must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." *Id.* Further, "[o]ral testimony by an interested party on its own will generally not suffice as 'clear and convincing' evidence of invalidity. Rather, such oral testimony must be corroborated by some other evidence." *TransWeb, LLC v. 3M Innovative Props. Co.*, 812 F.3d 1295, 1301 (Fed. Cir. 2016).

### B.   Patent Invalidity Must Be Determined On a Claim-By-Claim Basis

To prove anticipation under 35 U.S.C. §102, the defendants must show that each claim

*3993 Howard Hughes Parkway, Suite 600*
*Las Vegas, NV 89169*

LEWIS ROCA

121317004.5

1  limitation is met in a single prior art reference, and on summary judgment must do so with

2  admissible evidence that would be clear and convincing at trial. *See, e.g.*, *Sandt Tech. Ltd. v.*

3  *Resco Metal and Plastics Corp.*, 264 F.3d 1344, 1350 (Fed. Cir. 2001); *see also Schumer v.*

4  *Lab'y Comput. Sys.*, 308 F.3d 1304, 1315-1316 (Fed. Cir. 2002) (The burden of proving

5  invalidity on summary judgment is high and evidence of invalidity must be clear as well as

6  convincing).

7  "When the asserted basis of invalidity is prior public use, the party with the burden of

8  proof must show that 'the subject of the barring activity met each of the limitations of the claim,

9  and thus was an embodiment of the claimed invention.' " *Juicy Whip, Inc. v. Orange Bang,*

10  *Inc.,* 292 F.3d 728, 737 (Fed. Cir. 2002) (quoting *Scaltech Inc. v. Retec/Tetra, L.L.C.,* 178 F.3d

11  1378, 1383 (Fed. Cir. 1999)).

12  **C.    The Moving Party Must Prove There Are No Disputed Material Facts**

13  Summary judgment is only appropriate where "there is no genuine dispute as to any

14  material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

15  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Becton Dickinson & Co. v. C. R. Bard, Inc.*,

16  922 F.2d 792, 795 (Fed. Cir. 1990). As the moving party, Defendants bear the initial

17  responsibility of "informing the district court of the basis for its motion" and identifying those

18  portions of the record which it believes demonstrate the absence of a genuine issue of material

19  fact. *See Celotex*, 477 U.S. at 323. A fact is considered genuinely disputed if a reasonable jury

20  could return a verdict for Empire. *See Becton Dickinson & Co.*, 922 F.2d at 796.

21  **V.    DEFENDANT FAILED TO MEET ITS HEIGHTENED BURDEN OF PROOF**

22  **AND   THERE   ARE   NUMEROUS   DISPUTED   MATERIAL   FACTS**

23  **PRECLUDING SUMMARY JUDGMENT AS TO THE PUBLIC USE DEFENSE**

24  **A.    Defendant Failed To Prove Its Alleged Public Use Disclosed the Claimed**

25  **Invention**

26  The issue of public use "is replete with factual considerations." *Dey, L.P.*, 715 F.3d at

27  1355-57.  These considerations include the nature of the activity that occurred in public, public

28  access to and knowledge of the public use, and the relevant skill and knowledge of observers.

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

*Id.* Because a factfinder is "entitled to make reasonable inferences about these activities in deciding whether" an alleged act is public use, summary judgment as to the public use defense is generally improper.  *BASF Corp. v. SNF Holding Co.*, 955 F.3d 958, 967 (Fed. Cir. 2020).

The Federal Circuit has further explained that "[i]f members of the public are not informed of, and cannot readily discern, the claimed features of the invention in the allegedly invalidating prior art, the public has not been put in possession of those features." *Delano Farms*, 778 F.3d at 1249-1250 (affirming bench trial determination of no public use on the grounds that grape varieties cannot be reliably identified simply by viewing the growing vines alone).

The Federal Circuit's recent *BASF* case is instructive.  *BASF Corp.*, 955 F.3d at 966. In *BASF*, the relevant patent was directed to an improved process for preparing high-molecular-weight polymers. *Id.* at 960.  The district court entered summary judgment for the defendant on the issue of public use.  The district court noted that the patented process was practiced at a local plant, and that tours of the plant had been given to "local officials, potential customers, and members of the public and that newspaper articles and a commemoration video depicted the interior of the plant."  *Id.* at 966.  BASF argued, however, that "while certain elements of the claimed process were unquestionably made public—such as the shape of the conical taper— the rest were not, precluding a finding of public use."  *Id.*

The Federal Circuit reversed the district court's finding of public use on summary judgment, holding that "genuine issues of material fact prevent entry of summary judgment on SNF's public-use defense. Neither party disputes that members of the public were given access to the Portsmouth plant on numerous occasions, where they could view the shape of the conical taper, and that no evidence suggests that any of these guests was a skilled artisan. The parties dispute whether the remaining elements of the Sanwet® Process were known, and to the extent they were not, whether they were concealed from the public on these tours, in newspaper articles, and in the commemoration video."  *Id.* at 967.

The Federal Circuit's *Motionless Keyboard* decision is also instructive. *Motionless Keyboard Co. v. Microsoft Corp.*, 486 F.3d 1376, 1383 (Fed. Cir. 2007).  At issue was whether

121317004.5

the Cherry Model 5 ergonomic keyboard was in public use prior to the critical date. Claim 1 of the '322 Patent at issue in that case claimed a hand-held device for entering information into an electronic system via a keyboard, including a housing, a concavity in the housing, a cluster of keys whereby information is entered into an electronic system. *Id.* at 1380.

As to the claimed instances of public use, the hand-held keyboard "was not connected to a computer or any other device." *Id.* at 1385. "All disclosures, except for the one-time typing test, only provided a visual view of the new keyboard design without any disclosure of the Cherry Model 5's ability to translate finger movements into actuation of keys to transmit data. In essence, these disclosures visually displayed the keyboard design without putting it into use." *Id.* at 1385.

Given the claim language requiring the entering of information into an electronic system, the Federal Circuit held: "[i]In short, the Cherry Model 5 was not in public use as the term is used in section 102(b) because the device, although visually disclosed and only tested one time with a NDA signed by the typing tester, was never connected to be used in the normal course of business to enter data into a system." *Id.* at 1385. The Court further explained, "[t]he Cherry Model 5 was not used in public, for its intended purpose, nor was the Cherry Model 5 ever given to anyone for such public use. Thus, the disclosures in this record do not rise to the level of public use." *Id.*

Of particular note, whether or not the Cherry Model 5 keyboard was covered by the patent or not, was not relevant to the issue of public use. Instead, the issue was whether the claimed invention was disclosed to the public. In fact, the Federal Circuit determined that the patent owner admitted that the Cherry Model 5 embodied the '322 Patent, yet still concluded that there was no public use under 35 U.S.C. § 102(b).[1] *Id.* at 1385.

---

[1] Defendants allege that they can rely "solely upon Plaintiff's infringement allegations … without admitting or conceding those allegations are true." No case law supports this position. Curiously, Defendants do not cite to any of the Federal Circuit cases analyzing public use. Defendants instead rely heavily on *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363 (Fed. Cir. 2000), which is an on-sale bar case, ***not*** a public use case, and is further distinguishable from the present case because in *Vanmoor* the defendants ***conceded*** infringement and the accused infringing product that was on sale was admittedly identical to the pre-critical date product.

121317004.5

In addition, numerous other courts have denied summary judgment motions as to a defendant's claim of public use. *See, e.g., Schlumberger Tech. Corp. v. BICO Drilling Tools, Inc.*, Civ. Action H-17-3211, 2019 WL 2450948 (S.D. Tex., June 12, 2019) (denying summary judgment where moving party failed to present clear and convincing evidence of public use, where it showed, at most, a portion of the tube and drawings were displayed); *Dey, L.P.*, 715 F.3d at 1359 (denying summary judgment as to public use defense); *Hamilton Beach Brands, Inc. v. Sunbeam Prods., Inc.,* Case No. 3:11-CV-345, 2012 WL 6562220, *19 (E.D. Va., Aug. 13, 2012), *aff'd*, 726 F.3d 1370 (where the claimed invention was only described and not used for its intended purpose, party has not met its burden to establish its public use defense); compare with *Minerva Surgical, Inc. v. Hologic, Inc.*, 59 F.4th 1371, 1378-80 (Fed. Cir. 2023) (summary judgment appropriate as to public use where the relevant claims have been construed and moving party presents actual evidence from attendees at trade show demonstrating that attendees understood disclosures).

In this case, representative Claim 1 of the '807 Patent is directed toward a "an electronic gaming system" that comprises several elements, including, "an electronic gaming table", "a table controller", a "table display device", and "an edge display". Additionally, the representative claim defines both the "table display device" and the "edge display" as being "configured to operatively connect to the table controller and be controlled to present gaming related information, wherein the gaming related information is information pertaining to a wager-based table at the electronic gaming table".

In its motion, Defendants fail to offer any evidence that any purported instance of public use constitutes actual disclosure to the public of any invention claimed in the '807 Patent. Those required facts and analyses are completely missing from Defendants' motion, which is sufficient grounds for denying the motion.

Defendants continue to deny infringement and merely point to the fact that Empire is *alleging* that Defendants' product, as installed in a casino, infringes. (Bleeker Decl., Exh. F (Defs.' Responses to RFAs 1-4). As explained above in the relevant Federal Circuit

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

jurisprudence, whether a product meets the claim limitations, and whether an asserted public use ***actually disclosed*** the invention to the public, sufficient for the public to "readily discern" the claimed features, are two completely separate issues. *Delano Farms*, 778 F.3d at 1249-1250 ("[i]f members of the public are not informed of, and cannot readily discern, the claimed features of the invention in the allegedly invalidating prior art, the public has not been put in possession of those features.")  For example, it was undisputed that the accused device was publicly shown in the *BASF* case, but summary judgment was denied because the defendant failed to prove that the claimed aspects of the invention were actually disclosed or understood by the public sufficient for there to be a public disclosure. The grape varieties in *Delano Farms* were grown and seen in public, but there was no public use because the patented aspects could not be reliably identified simply by viewing the growing vines alone.  Similarly, the accused device in *Motionless Keyboard* admittedly met all the claim limitations, but summary judgment of public use was denied because the moving party failed to show that the claimed invention was publicly displayed—the visual disclosure of a covered item is not sufficient to prove public use.  In *Hamilton Beach*, the district court denied summary judgment where the moving party only provided evidence of the description of the invention, but not actual use in public.

This body of caselaw (which Defendants do not even reference in their motion) makes clear that in order to invalidate a claim of a patent based on an alleged public use, where the patent enjoys a strong presumption that it is valid, the moving party must present clear and convincing evidence sufficient to show the claimed invention was actually disclosed and understood by the public. Defendants' denial of infringement and reliance only on Empire's allegation of infringement does not meet this evidentiary or legal standard.  For this reason alone, the Court should deny Defendants' motion.

Moreover, as explained more fully with respect to each asserted public use, Defendants failed to demonstrate, with clear and convincing evidence, disclosure to the public of the claimed invention.

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

121317004.5

1.   **A PowerPoint Presentation Does Not Publicly Disclose Representative Claim 1**

a.)   **"AC Pre-G2E" Event in Atlantic City, New Jersey**

Defendant alleges that prior to the G2E industry trade show, Defendant displayed images of its updated video monitor with edge lighting to its customers, including at an event in Atlantic City, New Jersey.  ECF No. 31 at ¶¶ 23.  As explained above, numerous facts prove that Defendants failed to prove public use.  *See* Empire's Additional Material Facts 1-12. Defendant points to evidence that a PowerPoint presentation displaying images of the horizontal and vertical displays was given during the AC Pre-G2E event. Defendants do not claim that the PowerPoint presentation described any limitation of representative claim 1 the '807 Patent. Additionally, Defendants do not provide evidence that the horizontal and vertical displays were physically demonstrated at the event. Further, the event was a private event only open to invited attendees and not open to the general public. The AC Pre-G2E event only included a presentation and did not include an actual demonstration of a physical product. (Bleeker Decl., Exh. A at 30:14-18). Additionally, Helsen was unable to confirm whether there were physical specimens of the video screens with light edging and whether an electronic gaming table was set up at the AC Pre-G2E (*Id*. at 31:12-23). Further, Vizzo (Defendants' Associate Product Manager) testified that he was unable to recall specifically what was shown at the AC Pre-G2E event. (Bleeker Decl., Exh. B (Vizzo Depo. Tr. at 115:19-24)). At most, the PowerPoint presentation only visually displays the horizontal and vertical displays without putting the displays into use.

Defendant fails to offer any evidence, let alone clear and convincing evidence, therefore, to make the required showing of public use.  As explained above, Empire's claimed invention comprises an electronic gaming table having a table controller, a display device connected to a table controller, and controlled to present gaming-related information, an edge display, with an outer cover structure having a central hollow region, where the edge display is connected to a table controller, and controlled to present gaming-related information, and where the edge display features a plurality of light segments positioned within at least a portion of the central

hollow region, the light segments being adjacent one another.  '807 Patent, ECF No. 1-1 at Claim 1.  Whether or not Defendants showed their customers a picture of a monitor with edge lighting is irrelevant.  Defendants failed to provide any evidence that this disclosure was public, failed to disclose the actual use of an electronic gaming table, a table controller, a display device, an edge display featuring a plurality of light segments positioned within at least a portion of the central hollow region, or that the light segments were adjacent to one another.

In *BASF*, there was no public use because the moving party similarly failed to prove that the claimed invention was actually disclosed to the public.  In *Motionless Keyboard*, there was similarly no public use because there was no evidence that the wireless keyboard was ever connected to be used in the normal course of business to enter data into a system. *Motionless Keyboard*,  486 F.3d at 1385. In this case, Defendants failed to show that **any** of the elements of the claimed electronic gaming system were actually present, implemented, and/or disclosed in such a way that the public would understand the invention.  *Delano Farms*, 778 F.3d at 1249-1250 ("[i]f members of the public are not informed of, and cannot readily discern, the claimed features of the invention in the allegedly invalidating prior art, the public has not been put in possession of those features.")

At best, Defendants assert that an image of a video monitor was shown and the new monitor was described.  This evidence fails to prove public use as a matter of law.  *Hamilton Beach Brands, Inc.*, 2012 WL 6562220 at *19 (where the claimed invention was only described and not used for its intended purpose, party has not met its burden to establish its public use defense).

In addition, the actual version of the iScore Plus that is accused of infringement was not actually released until well after this presentation (Bleeker Decl., Exh. E (the accused product was not released until February 2017) and was not actually installed at a casino where the public would be able to play the casino game until well after the critical date (Bleeker Decl., Exh. A (Helsen Depo. Tr. at 118:20-119:3; 125:22-126:3).  Whatever was shown in Atlantic City was not the final version of the product that Empire accuses of infringement, but was an unreleased, in-development version, meaning it was still being developed and changes were still being made

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

1    to it. (Bleeker Decl., Exhs. B (Vizzo Depo. Tr. at 91:2-10) and C (Jones Depo. Tr. at 28:17-23;

2    29:11-18).

3         Further, Defendant does not provide an analysis showing disclosure of the elements of

4    any representative claim of the '807 Patent, let alone all of the claims it seeks to invalidate.

5    Accordingly, the alleged disclosures of the AC Pre-G2E event fail to meet the bar for invaliding

6    any claim of the '807 Patent.

7                         **b.)    Southern Roadshow**

8         Defendants' allegation that it presented some version of its i-Score Plus at the Southern

9    Road Show and was "accompanied by a PowerPoint presentation which was similar to the

10   presentation given to the customer as the AC Pre-G2E event" fails for all the reasons identified

11   above with respect to the Atlantic City presentation. As explained above, numerous facts prove

12   that Defendants failed to prove public use. *See* Empire's Additional Material Facts 13-24.

13   Defendants fail to provide any evidence that any version of any system, with any of the

14   component parts, was disclosed, or even that ***any*** of the elements of the claimed electronic

15   gaming system were actually present, implemented, or disclosed in such a way that the public

16   would understand the invention, or that the presentation was open to the public. Defendants do

17   not point to a PowerPoint presentation that discloses the elements of any claim of the '807

18   Patent. Even if they did, as explained above, a PowerPoint presentation describing an invention

19   with only images of displays fails to prove public use. This claim of public use fails for all the

20   same reasons the Atlantic City purported public use fails.

21                         **c.)    Empower Event**

22        Defendants assert that their disclosures at the 2017 Empower Conference are a public

23   use. ECF No. 31 at ¶ 63. As explained above, numerous facts prove that Defendants failed to

24   prove public use. See Empire's Additional Material Facts 44-54. Again, Defendants only

25   present evidence of a PowerPoint presentation describing an edge lighting feature. Defendants

26   provide no actual evidence of any working version of anything. Defendants' evidence again

27   fails for all the same reasons as explained above. Moreover, this too was a private event only

28

121317004.5

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

1   open to invited attendees and not open to the general public. Bleeker Decl., Exhs. B (Vizzo

2   Depo. Tr. at 102:9-14); and D (Lucchetti Depo Tr. at 31:12-17).

3          Accordingly, the alleged disclosures of the Empower event fail to meet the bar for

4   invaliding the '807 Patent.

5          **2.     <u>Defendants' Purported "Demonstration" at G2E Fails To Prove a</u>**

6          **<u>Public Use With Clear and Convincing Evidence.</u>**

7          Defendants' purported "demonstration" of its video monitors at the 2016 G2E event in

8   Las Vegas, Nevada fails to prove public use by clear and convincing evidence. ECF No. 31 at

9   ¶¶ 32-36. As explained above, numerous facts prove that Defendants failed to prove public use.

10  *See* Empire's Additional Material Facts 25-43.

11         As explained previously, Defendants' 30(b)(6) witness Colin Helsen admitted during

12  his deposition that the G2E industry trade show demonstration was ***not*** a public use, and further

13  conceded that the public was not even exposed to the actual accused product until it was

14  installed at a public casino: "Our products cannot be purchased by the general public, so there

15  would be no point for the general public to come to the show. It would have been a targeted

16  audience of people that could purchase these products. By law you cannot sell to noncasino

17  operators."  Bleeker Decl., Exh. A (Helsen Depo. Tr. at 34:11-16).  Mr. Helsen also testified:

18  "No casino products – it's not for the general public. The entire . . . market is the casino

19  industry. Even your company could not show this to the general public, or shouldn't be, you

20  know? The general public will see it when they're playing at a casino. They cannot purchase

21  it; they cannot install it. . . . why would you show it to somebody off the street who is not

22  interested? There would be zero interest and zero point. " *Id.* (Helsen Depo. Tr. at 114:16-

23  115:6).

24         Defendants also admitted that this purported demonstration featured no live wagers

25  because "you can't do live gaming at G2E. You do virtual gaming."  Bleeker Decl., Exh. A

26  (Helsen Depo. Tr. at 42:19-22).  Additionally, Vizzo (who testified he was present at the trade

27  show) did not even know whether playing cards were dealt to demonstrate the functioning of

28

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

121317004.5

1    the product displayed at the event. Bleeker Decl., Exh. B (Vizzo Depo. Tr. at 47:6-13; 15-18;

2    50:16-21).

3         Additionally, the '807 patent claim also includes "an electronic gaming table having a

4    table controller".  But Defendants did not provide evidence that both "an electronic gaming

5    table" and "a table controller" were demonstrated at the 2016 G2E. In fact, when asked about

6    these terms, Helsen testified that he did not understand the meaning of the term "electronic

7    gaming table" and called it "a very vague term there." Bleeker Decl., Exh. A (Helsen Depo. Tr.

8    at 44:21-45:1). Similarly, Helsen also did not understand the meaning of the term "table

9    controller". *Id.* (Helsen Depo. Tr. at 45:24-46:1).  If Defendant's Vice President and Managing

10   Director of Global Utility Products, who was in charge of demonstrating the product at the trade

11   show, did not even understand how or if this product publicly disclosed any claim terms of the

12   '807 Patent, Defendants cannot possibly demonstrate by clear and convincing evidence that

13   members of the public (even if they had been present) were informed of, and readily discerned

14   the claimed features of the invention. *Delano Farms*, 778 F.3d at 1250. (grape varieties cannot

15   be reliably identified simply by viewing the growing vines alone).

16        Further, the '807 Patent claim recites that both the "table display device" and the "edge

17   display" are "configured to operatively connect to the table controller and be controlled to

18   present gaming related information, wherein the gaming related information is information

19   pertaining to a wager-based table game at the electronic gaming table." Defendants' employees

20   who actually were showing the in-development version, testified that they purportedly

21   demonstrated the capabilities of its displays by manually inputting gaming results using a

22   keypad, not by a controller presenting gaming related information pertaining to a wager-based

23   table game at an electronic gaming table. Bleeker Decl., Exhs. A (Helsen Depo. at 44:4-13;

24   51:23-52:6); and B (Vizzo Depo. at 48:15-49:16; 64:6-21).

25        Defendants also did not provide clear and convincing evidence that the demonstration

26   of the displays at the 2016 G2E event included a demonstration of a certain gaming outcomes

27   such as a win streak by a banker or a tie between a banker and a player. Bleeker Decl., Exh. B

28   (Vizzo Depo. at 53:5-20).

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

121317004.5

1   Defendants also failed to provide any evidence of an edge display featuring a plurality

2   of light segments positioned within at least a portion of the central hollow region.

3   Whatever was shown at this time was not even the final version of the product that

4   Empire accuses of infringement, but was an unreleased, in-development version, meaning it

5   was still being developed and changes were still being made to it.  (Bleeker Decl., Exhs. B

6   (Vizzo Depo. Tr. at 91:2-10) and C (Jones Depo. Tr. at 28:17-23; 29:11-18).

7   This testimony establishes conclusively that any disclosure at G2E is not a public

8   disclosure of any claimed invention of the '807 Patent.  But at the very worst for Empire, the

9   jury is "entitled to make reasonable inferences" concerning the nature of the activity that

10  occurred in public, public access to and knowledge of the public use, and the relevant skill and

11  knowledge of observers.  *BASF Corp.*, 955 F.3d at 967.  Either Defendants failed to prove this

12  by clear and convincing evidence, or there is a disputed material fact precluding entry of

13  summary judgment.  Either way, the motion must be denied.

14              **3.      Bicycle Casino**

15  Defendants fail to offer clear and convincing evidence that each element of any claim

16  of the '807 Patent was demonstrated for its intended purpose at a private meeting at the Bicycle

17  Casino. As explained above, numerous facts prove that Defendants failed to prove public use.

18  *See* Empire's Additional Material Facts 55-66.

19  Fatal to this argument from the outset is Will Jones' admission that Defendants "don't

20  give demonstrations on the [casino] floor" so whatever demonstration took place would have

21  occurred in "some room that was not public."  Bleeker Decl., Exh. C (Jones Depo. Tr. at 32:20-

22  25).  This is not a public use as a matter of law and certainly creates a disputed material fact.

23  Additionally, Jones testified that he had to "jerry-rig something" to get the displays to

24  stand up properly during the demonstration. *Id.* at Exh. C (Jones Depo. Tr. at 34:11-18).

25  Defendants offer no evidence at all of what was "jerry-rigged" or how or if the "jerry-rigged"

26  contraption actually disclosed any invention claimed in the '807 Patent. The record here is bare.

27  Jones testified that he only demonstrated the same lighting kit as displayed at the G2E.

28  Bleeker Decl. Exh. C (Jones Depo.Tr. at 34:5-8). This claim of public use therefore separately

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

121317004.5

fails for all the same reasons the G2E claim of public use fails. For example, Defendants offer no evidence of any disclosure of an "electronic gaming table", "a table controller," "a table display," or "an edge display" as "being configured to operatively connect to the table controller and be controlled to present gaming related information, wherein the gaming related information is information pertaining to a wager-based table game at the electronic gaming table", as required in the '807 Patent.

Further, Jones did not even purport to demonstrate the product using live gaming or cards. Bleeker Decl., Exh. C (Jones Depo. Tr. at 34:19-35:6). Similar to the deficiencies of the 2016 G2E demonstration, he testified that he demonstrated the functionality of the displays by manually inputting gaming results using a keypad, not by a controller presenting gaming related information pertaining to a wager-based table game at an electronic gaming table. *Id.*

Defendants cite to a Jones Notebook as evidence that the accused product was displayed at the Bicycle Casino. ████████████████████████████████████████████
████████████ Defendants again do not provide any evidence that any limitation, let alone, each and every limitation of any claim of the '807 Patent was ***publicly demonstrated*** for its intended purpose, such that the public would understand any claimed invention.

This claim of public use therefore fails as a matter of law.

**4.** **Claim Construction Is Required Before Determining Whether Any Alleged Public Use Disclosed the Claimed Invention**

Defendants' motion for summary judgment for anticipation is premature because two vital steps have not yet occurred: (1) claim construction and (2) a comparison of the construed claims to the allegedly anticipatory reference, here, the asserted public use. The Federal Circuit has repeatedly held that an indispensable first step in any invalidity analysis is claim construction.  See, e.g., *Akamai Techs.*, 344 F.3d at 1195 n.4; *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1335 (Fed. Cir. 2003); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1355 (Fed. Cir. 2000).

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

The second step in an anticipation analysis involves a comparison of the construed claim to the prior art. *Helifix, Ltd.*, 208 F.3d at 1340; see also *Key Pharms. v. Hercon Labs. Corp.*, 161 F.3d 709, 714 (Fed. Cir. 1998). To be anticipating, a prior art reference must disclose "each and every limitation of the claimed invention[,] . . . must be enabling[,] and [must] describe . . . [the] claimed invention sufficiently to have placed it in possession of a person of ordinary skill in the field of the invention." *In re Paulsen*, 30 F.3d 1475, 1478-79 (Fed. Cir. 1994). If there is a genuine issue of material fact relevant to any one of these factors, summary judgment is not proper.

Indeed, in *Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1319 (Fed. Cir. 2004), the Federal Circuit reversed the district court's ruling on a summary judgment regarding anticipation before claim construction, noting that "[b]efore the factual question of anticipation may be addressed, a court must first properly construe the claims before it" (*See Akamai Techs.*, , 344 F.3d at 1195) and that "[t]he lack of claim construction leaves unclear the precise scope of [the limitation at issue] and, as a result, it is impossible to know exactly what the [reference at issue] must disclose if it is to anticipate" the limitation. *Toro Co.*, 355 F.3d at 1319; see also *Waddington North Am., Inc. v. Sabert Corp.*, Civil Action No. 09-4883 (GEB), 2010 U.S. Dist. LEXIS 103955 (D.N.J., 2010), concluding that a summary judgment ruling on anticipation would be premature given that no claim construction had yet been conducted.

Here, no claim construction has taken place. Indeed, not only have the claims not been construed nor a comparison of the construed claims and the accused public uses.

**5.    The On Sale Bar Defense Only Applies To A Sale By The Inventor And Is Therefore Inapplicable Here**

Under binding Federal Circuit law, the "on sale" provision of 35 U.S.C. § 102(b) is directed at precluding an ***inventor*** from commercializing his invention for over a year before he files his application. "Sales or offers made by others and disclosing the claimed invention implicate the 'public use' provision of 35 U.S.C. § 102(b)." *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 866 (Fed. Cir. 2010) (quoting *In re Caveney*, 761 F.2d 671, 675 (Fed. Cir. 1985));

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

121317004.5

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

1    *see also Schlumberger Tech.*, 2019 WL 2450948, at *5  (citing *In re Caveney*, 761 F.2d at

2    675 n.5.

3         Here, Defendants are not the named inventor or owner of the '807 Patent.  Defendants

4    offer no evidence and make no allegation that Empire sold covered products in violation of the

5    on-sale bar.

6         Where a third party claims to have sold an item prior to the critical date, as explained

7    above, courts analyze the issue under the rubric of a public use defense.  When viewed through

8    the public use lens, Defendants again fail to offer any evidence, let alone clear and convincing

9    evidence, to meet the public use standard.  Defendants assert they "sold" lighting kits, but fail

10   to identify how a lighting kit is a public disclosure of all the elements of any claim of the '807

11   Patent.  Defendants allege that Norwegian Cruise Lines sent representatives to Defendants'

12   facilities in Las Vegas, Nevada to receive training on the products it purchased from

13   Defendants.  Neither the supposed sale or training establish public use.  As explained above,

14   numerous facts prove that Defendants failed to establish public use.  *See* Empire's Additional

15   Material Facts 67-76.

16        Again, Defendants fail to offer evidence that they publicly disclosed an electronic

17   gaming table having a table controller, a display device connected to a table controller, and

18   controlled to present gaming-related information, an edge display, with an outer cover structure

19   having a central hollow region, where the edge display is connected to a table controller, and

20   controlled to present gaming-related information, and where the edge display features a

21   plurality of light segments positioned within at least a portion of the central hollow region, the

22   light segments being adjacent one another.  '807 Patent, ECF No. 1-1 at Claim 1.  Defendants

23   failed to provide any evidence that this disclosure was public, failed to disclose the actual use

24   of an electronic gaming table, a table controller, a display device, an edge display featuring a

25   plurality of light segments positioned within at least a portion of the central hollow region, or

26   that the light segments were adjacent to one another.

27        Defendants fail to show that ***any*** of the elements of the claimed electronic gaming

28   system were actually present, implemented, and disclosed in such a way that the public would

121317004.5

1  understand the invention. *Delano Farms*, 778 F.3d at 1249-1250 ("[i]f members of the public

2  are not informed of, and cannot readily discern, the claimed features of the invention in the

3  allegedly invalidating prior art, the public has not been put in possession of those features.")

4      At best, Defendants assert that a product description or image was provided. This

5  evidence fails to prove public use as a matter of law. *Hamilton Beach Brands, Inc.*, 2012 WL

6  6562220 at *19 (where the claimed invention was only described and not used for its intended

7  purpose, party has not met its burden to establish its public use defense).

8      Defendants also **concede** that the final version of the accused i-Score Plus version 1.8

9  product was not released until months ***after*** this purported sale (Bleeker Decl. Exh. E (Defs.'

10 Response to Interrogatory No. 10), and was not installed in an actual operating casino until mid

11 to late 2017, which is after the critical date and therefore could not constitute public use.

12 Bleeker Decl., Exh. A (Helsen Depo. Tr. at 118:20-119:3; 125:22-126:3).

13     Again, Defendant does not even bother to provide an analysis of disclosed public use as

14 to a representative claim, let alone all of the claims it seeks to invalidate.

15     Even if Defendants' purported sale of monitors with edge lighting were viewed under

16 the "on-sale" bar, Defendants' claim still fails to invalidate the '807 Patent. To invalidate a

17 patent under the on-sale bar, the product sold must include ***each limitation*** of a claim of the

18 '807 Patent the moving party is seeking to invalidate. *See Scaltech, Inc. v. Retec/Tetra, LLC*,

19 269 F.3d 1321, 1329 (Fed. Cir. 2001); *Quest Integrity USA, LLC v. Cokebusters USA Inc.*, 924

20 F.3d 1220, 1227 (Fed. Cir. 2019). The evidence that Defendants relies on indicates only that it

21 sold "lighting kits." There is no evidence or analysis to show that the "lighting kits" publicly

22 disclose all of the claim limitations of representative claim 1 or any claim of the '807 Patent.

23 **VI.**   **CONCLUSION**

24     For the foregoing reasons, Defendants' motion for summary judgment should be

25 denied.

26

27

28

121317004.5

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

1   Dated this 24th day of May, 2023

2                                   LEWIS ROCA ROTHGERBER
                                  CHRISTIE LLP

3

4      By:     /s/G. Warren Bleeker
                                  G. Warren Bleeker (Admitted *Pro Hac Vice*)

5                                   655 N. Central Ave., Suite 2300
                                  Glendale, CA 91203-1445

6                                   Tel: (626) 795-9900
                                  Email: wbleeker@lewisroca.com

7                                   Michael J. McCue
                                  Meng Zhong

8                                   3993 Howard Hughes Pkwy., Suite 600
                                  Las Vegas, NV 89169

9                                   Tel: 702-949-8200
                                  E-mail: mmccue@lewisroca.com

10                                 E-mail: mzhong@lewisroca.com

11                                 *Attorneys for Plaintiff/Counter-Defendant*
                                *Empire Technological Group Limited*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

121317004.5