Michael J. McCue (Nevada Bar #6055)
Meng Zhong (Nevada Bar #12145)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Tel: (702) 949-8200
E-mail: mmccue@lewisroca.com
E-mail: mzhong@lewisroca.com

G. Warren Bleeker (Admitted Pro Hac Vice)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
655 N. Central Ave., Suite 2300
Glendale, CA 91203-1445
Tel: (626) 795-9900
Email: wbleeker@lewisroca.com
Attorneys for Plaintiff and Counter-Defendant
Empire Technological Group Limited

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EMPIRE TECHNOLOGICAL GROUP LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>LIGHT & WONDER, INC., and SG GAMING, INC.,<br><br>Defendants. | CASE NO.:  2:22-cv-00923-MMD-BNW<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| LIGHT & WONDER, INC., and SG GAMING, INC.,<br><br>Counter-Plaintiffs,<br><br>vs.<br><br>EMPIRE TECHNOLOGICAL GROUP LIMITED,<br><br>Counter-Defendant. | |

1

119635487.1

IT IS HEREBY STIPULATED by and between Empire Technological Group Limited, ("Empire") and Defendant Light & Wonder Inc. and SG Gaming, Inc. (collectively, "Light & Wonder") (collectively with Empire, the "Parties"), by and through their counsel of record, as follows:

The Parties anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, and/or personally or commercially sensitive information are likely to be disclosed or produced during the course of discovery in the Litigation (defined below), and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

1.      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").GENERAL TERMS

## 1.1 PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle the following litigation:  *Empire Technological Group Limited v. Light & Wonder, Inc., and SG Gaming, Inc.,* Case No. 2:22-cv-00923-MMD-BNW ("Litigation"). Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 1.2. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding

2

confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 1.3. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.7, below, that this Stipulated Protective Order does not entitle them to file Protected Material under seal; Local Rule IA 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY does not—without the submission of competent evidence by declaration, establishing that

3

the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the motion to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the portions of the Protected Material can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any motion that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.      DEFINITIONS

2.1      Action: this pending federal lawsuit.

2.2      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Information or Items: extremely confidential and/or sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party is likely to cause harm or significant competitive disadvantage to the Producing Party.

4

2.5     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7     Disclosure or Discovery Material:  all items or information, including from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     House Counsel:  attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party and includes support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material. Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing so long as appropriate actions are taken to protect any Protected Material's confidentiality, such as filing the Protected Material under seal. This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

FINAL DISPOSITION of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run.  Except as set forth below, the terms of this Protective Order apply through FINAL DISPOSITION of the action. The parties may stipulate that they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

6

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or maintained pursuant to this Protective Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this Protective Order do not extend beyond the commencement of the trial.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

7

A Party or non-party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, non-public, proprietary, commercially sensitive, private information of an individual or entity, that contains information received in confidence from third parties, or which a Producing Party believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c), or other applicable rules or laws. A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that the Producing Party claims in good faith constitutes: (1) confidential financial information of an individual or an entity; (2) trade secrets; (3) confidential financial or business plans and strategies; or (4) any other highly sensitive personal or proprietary business information that may cause competitive, commercial, or financial injury if disclosed beyond the disclosure allowed in paragraph 7.3,below.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend") to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.  If

8

only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions, that the deposition testimony and deposition transcript of a Party shall be presumptively deemed to contain "CONFIDENTIAL" Information and subject to the provisions of this Order. In the case of a deposition of a third party, if the third party requests, this presumption shall also apply to the third party's deposition testimony and transcript. Further, any party, prior to the beginning of a deposition, or during the deposition, may designate deposition testimony as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. Within thirty (30) business days following receipt of the transcript, counsel for the deponent, and, if the deponent is not a Party, Outside Counsel of Record for a Party may designate certain portions of the deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by notifying all counsel of record and, when necessary, the deponent or deponent's counsel in writing of said designation(s). Such portions of the transcripts contained therein shall be treated as subject to the terms of this Order. Outside Counsel of Record for each Party and counsel for any third party shall be responsible for marking the designated portions of copies of the transcript in their possession in accordance with the notification and treating the information thereafter as required by this Order. Counsel for the Designating Party may not simply designate an entire transcript as CONFIDENTIAL, but shall make a good faith effort to apply the designation(s) by page and line number. If counsel for the deponent or any Party to this action designates a portion of the testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY on the record during the deposition, the Designating Party shall have the right to exclude all persons not bound or authorized under this Order from the deposition, or any portion thereof, before the designated testimony is taken.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If the Producing Party notifies the Receiving Party of an inadvertent failure to designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten (10) days upon its notification to the Receiving Party. For avoidance of doubt, such challenge may be made via e-mail to Outside Counsel of Record for the Producing Party. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly. A Receiving Party shall not be in breach of this Order for any use of such inadvertently non-designated or inadvertently mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.3     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel of Record for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and the grounds for the objection to each challenged designation. For avoidance of

10

doubt, such challenge may be made via e-mail to Outside Counsel of Record for the Producing Party. The Parties shall thereafter meet and confer in good faith and attempt to resolve any dispute regarding the designation. *See* Local Rule IA 1-3(f).

6.4     If the Parties are unable to agree as to whether the designation is appropriate, any Party(ies) may notify the other Party(ies) that the discussions are at an impasse, after which the Challenging Party shall have ten (10) business days to move for an order to remove the disputed designation. *See* Local Rule 26-6. The Designating Party shall have the burden of justifying the disputed designation.

6.5     The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

6.6     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the Designating Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the

11

Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a Non-Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

   7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

   (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

   (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d)  the court and its personnel, although any documents that are filed with the court and reference or attach any information or document labeled "CONFIDENTIAL" must be filed pursuant to the sealing rules described in Paragraph 12.7, below;

   (e)  court reporters and their staff;

   (f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   (h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to only the individuals identified in Paragraphs 7.2 (c)-(g), and (i) who are not competitive decision-makers of a Party.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection

13

in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"   information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a

14

court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege, the work-product privilege, the Nevada Trade Secret Privilege or by any other legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the Producing Party promptly notifies the Receiving Party, in writing, of the production after its discovery of the same.

If the Producing Party notifies the Receiving Party that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the Producing Party, destroyed, or deleted, on request of the Producing Party.  If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will immediately sequester and not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may determine whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

The Receiving Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

The Parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

This stipulated agreement set forth in Paragraph 11 and its subparts does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12.    <u>MISCELLANEOUS</u>

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.   By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Termination of Matter and Retention of Jurisdiction.   The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter unless modified by an Order of the Court or by the written stipulation of the Parties filed with the Court. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

12.4    Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

12.5    Actions to Protect Confidential Information.  In the event that the Court determines that there is an actual or threatened breach of this Order by a Party who received Protected Material, the Parties agree that the Producing Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Order, in addition to any other remedy the Party may be entitled at law or in equity.

12.6    Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

12.7    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with LR IA 10-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's

request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.8    Shipping Protected Material.   When any Receiving Party ships any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient.  If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material via Federal Express or UPS and retain a tracking number for the materials.  If the Receiving Party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, the Receiving Party will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

12.9    Modifications.  The Parties may, in writing, provide for exceptions to this Order and any Party may seek an order of this Court modifying this Order.  This Order is subject to further court orders based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the District of Nevada is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Nevada.

12.10   Computation of Time.  The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same

18

person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product (but not document productions), even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  September 14, 2023

LEWIS ROCA ROTHGERBER CHRISTIE LLP

   /s/G. Warren Bleeker
Attorneys for Plaintiff


DATED:  September 14, 2023

DICKINSON WRIGHT PLLC

   /s/John L. Krieger
Attorneys for Defendants


**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

DATED:   09/18/23

19

1

2

3

4

<u>EXHIBIT A</u>

5

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

6

7

I, _____ [print or type full name], of _____ [print or

8

type full address], declare under penalty of perjury that I have read in its entirety and understand

9

the Stipulated Protective Order that was issued by the United States District Court for the District

10

of Nevada on [date] _____ in the case of EMPIRE TECHNOLOGICAL

11

GROUP, LIMITED v. LIGHT & WONDER, INC., *et al*., Case No. 2:22-cv-00923-MMD-BNW.

12

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

13

understand and acknowledge that failure to so comply could expose me to sanctions and

14

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

15

any information or item that is subject to this Stipulated Protective Order to any person or entity

16

except in strict compliance with the provisions of this Order.

17

I further agree to submit to the jurisdiction of the United States District Court for the District of

18

Nevada for enforcing the terms of this Stipulated Protective Order, even if such enforcement

19

proceedings occur after termination of this action.  I hereby appoint

20

_____ [print or type full name] of

21

_____ [print or type full address and telephone

22

number] as my Nevada agent for service of process in connection with this action or any

23

proceedings related to enforcement of this Stipulated Protective Order.

24

Date: _____

25

City and State where sworn and signed: _____

26

27

Printed name: _____

28

20